UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>    Defendant. | Case No. 18-cv-01134-MEJ<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 15 |

On April 27, 2018, Defendant Starbucks Corporation moved to stay this Americans with Disabilities Act (ADA) case pending a ruling by the Judicial Panel on Multidistrict Litigation (JPML) in MDL No. 2849 on Starbuck's motion to transfer and coordinate the matter. Mot., Dkt. No. 15. Johnson opposes the motion. Opp'n, Dkt. No. 17. The undersigned previously vacated the hearing after finding the Motion was suitable for decision without oral argument. *See* Dkt. No. 24. For the reasons below, the Court **GRANTS** Starbucks' Motion.

## BACKGROUND

Plaintiff Scott Johnson initiated this matter on March 14, 2018, alleging violations of the ADA and the Unruh Civil Rights Act at a Starbucks store located at 801 Broadway in Oakland, California. Compl., Dkt. No. 1. Johnson has brought 20 other actions against Starbucks alleging ADA violations in Starbucks stores throughout California. *See* Mem. at 2, Dkt. No. 16. On April 23, 2018, Starbucks filed a motion with the JPML to transfer those 21 cases to a single district for coordination. *Id.*

## DISCUSSION

**A.   Legal Standards**

The pendency of a motion before the JPML under "28 U.S.C. § 1407 does not affect or

suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Rules of Procedure of JPML 2.1(d). "Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

"In considering whether a stay is appropriate, the Court should weigh three factors: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (internal quotation marks and citation omitted; applying factors originally articulated in *Landis v. N. American Co.*, 299 U.S. 248 (1936)).

**B. Analysis**

Here, the *Landis* factors weigh in favor of staying the action until the JPML rules on Starbucks' motion to transfer.

1. Possible Damage which May Result from Stay

Johnson articulates no possible damage that may result from staying this action pending consideration of Starbucks' transfer motion. *See* Opp'n.

2. Hardship or Inequity

This ADA case is governed by General Order No. 56, which was adopted in the Northern District of California "[t]o advance efficient and effective litigation of ADA cases and to address defendants' concerns about costs." *Hernandez v. Grullense*, 2014 WL 1724356, at *2 (N.D. Cal. Apr. 30, 2014). In cases subject to General Order No. 56, discovery and other proceedings are stayed, and the parties must follow a detailed timeline for completing a joint inspection and for participating in a mediation process.

Starbucks generally argues that a risk of inconsistent and contradictory pretrial rulings exists (Mem. at 1, 5), but does not acknowledge General Order No. 56's stay. In this case, the General Order No. 56 timeline required the parties to complete initial disclosures by May 31, 2018

2

and to complete a joint site inspection by June 7, 2018.[1] Scheduling Order, Dkt. No. 5. The parties must also meet and confer in person to discuss settlement within 28 days of the joint site inspection, that is, by July 5, 2018. *Id.* The Rule 26 initial disclosures and the joint site inspection are designed to "advance efficient and effective" litigation. *See Hernandez*, 2014 WL 1724356, at *2. Starbucks nevertheless argues that being required to proceed at this juncture will cause hardship for two reasons. First, the General Order No. 56 "clock" starts ticking as soon as the site inspection occurs, and now requires the parties to participate in more time intensive proceedings. Reply at 4, Dkt. No. 22. Indeed, the parties must meet and confer in person within 28 days after the joint site inspection to discuss settlement. *See* Scheduling Order. Requiring Starbucks to prepare for and participate in settlement discussions while its motion to transfer this case is a type of hardship or inequity that warrants a stay. Given Johnson's decision to file 21 cases against Starbucks, it is unlikely one case will be settled independently at this juncture. Second, Starbucks argues it would be wasteful to participate in activities required by General Order No. 56 if the matter is transferred to a district where General Order No. 56 does not apply. *See id*. While a site inspection likely would be required even in districts where General Order No. 56 does not apply, other activities required by General Order No. 56 (e.g., mediation), might not apply. Starbucks has articulated hardships that support a limited stay.

3. <u>Judicial Efficiency</u>

This factor also weighs in favor of granting a stay. Granting a stay pending resolution of the motion to transfer and consolidate will promote consistency and judicial economy. "[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers*, 980 F. Supp. at 1362 (citing cases). The undersigned joins that majority.

**CONCLUSION**

For the foregoing reasons, Starbucks' Motion to Stay is GRANTED. The case is stayed in

---

[1] The parties did not seek an extension of this deadline pending resolution of this Motion. *See* Docket.

3

its entirety pending resolution of Starbucks' motion to transfer. Starbucks shall notify this Court within seven days of the JPML's ruling on its motion to transfer.

**IT IS SO ORDERED.**

Dated: June 12, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge